UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

JUN 1 1 2007

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

CHARLES KENNETH MCLEOD, #514119

    Plaintiff,

Civil No: 1:07-CV-11839
Honorable Thomas L. Ludington
Magistrate Judge Paul J. Komives

v.

SERGEANT TODD STEPHENS, et. al.,

    Defendants.

---

## ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Plaintiff, Charles Kenneth McCleod, who is a prison inmate in the custody of the Michigan Department of Corrections (MDOC), has filed a civil rights complaint in this District pursuant to 42. U.S.C. §1983. He seeks monetary damages based upon allegations of malicious prosecution, excessive force, gross negligence, and unreasonable search and seizure relative to his arrest and detention. Plaintiff is confined at Hiawatha Correctional Facility in Kincheloe, Michigan. He is bringing this action against several officers and government officials employed with law enforcement and/or governmental agencies in Missaukee and Wexford Counties. In the present case, all of the actions complained of by the Plaintiff took place in the City of Lake City, County of Missaukee, State of Michigan. Missaukee County and Wexford County are both located in the Western District on Michigan.

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones*, 895 F.2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. §1391. For the convenience

of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See, United States v. P.J. Dick, Inc.* 79 F.Supp.2d 803 -06 (E.D. Mich. 2000)(Gadola, J); 28 U.S.C. §1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr*, 36 F.Supp.2d 267, 278 (D.S.C. 1999).

In this case, all of the "operative" facts took place in Missaukee County, which is located in the Western District of Michigan. See, *Pierce v. Coughlin*, 806 F.Supp. 426, 428 (S.D.N.Y. 1992). Plaintiff is currently incarcerated in Chippewa County, which is also in the Western District of Michigan. The Defendants as well as the witnesses and the files necessary to prosecute these claims are located in the Western District of Michigan; and the burden of transporting the Plaintiff to this judicial district would be significant. For these reasons, transfer of this action to the Western District would be proper. *Welch v. Kelly*, 882 F.Supp.177, 180 (D.C.C. 1995).

Accordingly, the Clerk of Court **IS ORDERED** to transfer this case to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

DATED: 6/11/07

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

---

**CERTIFICATE OF MAILING**
I certify that a copy of this order was served upon petitioner on the date indicated below by first class mail.

6/11/07

Deputy Clerk

2